# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | |
|---|---|
| **ASHLEY MOREAUX** | **CASE NO.  2:18-CV-01255** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CLEAR BLUE INSURANCE CO. ET AL.** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 103] filed by defendant James River Insurance Company ("JRIC"). No opposition to the motion has been filed and the time for doing so has passed. Accordingly, the motion is regarded as unopposed.

## I.
### BACKGROUND

This suit arises from a motor vehicle accident that occurred at about 4:05 am on March 1, 2018, on Interstate 10 in Calcasieu Parish, Louisiana. The accident involved a vehicle driven by plaintiff Ashley Moreaux and a tractor-trailer allegedly "owned, managed, possessed, operated and/or controlled" by defendants Tim Ables Trucking Company LLC ("Tim Ables Trucking"), Shannon Wayne Watson, and Kevin Posey.[1] Doc. 16, ¶¶ 8–9.

---

[1] Mr. Posey is only specifically named under the negligent entrustment claim and appears to pay some sort of supervisory role at the company.

Ms. Moreaux alleges that she was seriously injured when her vehicle was struck by the tractor-trailer driven by Mr. Watson, as he attempted to merge from the shoulder onto the interstate. *Id.* at ¶¶ 10–16. She further alleges that Mr. Watson only stopped for a brief time after the crash, then continued down the interstate for another forty miles before eventually reporting the accident. *Id.* at ¶¶ 17–25. Finally, she asserts that tractor-trailer had an inoperable turn signal and that a prescription bottle containing a Schedule V drug, Soma (carisoprodol), was found in the cab but that authorities were unable to test Watson for his level of impairment at the crash due to the delay caused when he fled the scene. *Id.* at ¶¶ 26–27.

Ms. Moreaux filed suit against the above-named defendants and their insurer, Clear Blue Insurance Company, in this court on September 24, 2018.[2] Doc. 1. She seeks compensatory damages as well as punitive and exemplary damages under Louisiana Civil Code article 2315.4. Doc. 16. In the Second Amended and Restated Complaint she added excess insurers JRIC and Hallmark Insurance Company as defendants. Doc. 57. Since that time Ms. Moreaux has also executed a *Gasquet* settlement and dismissed her claims against any named defendant, except to the extent that insurance coverage is found applicable to the claims proven at trial. Docs. 88, 90.

JRIC admits that it issued an excess liability insurance policy to Tim Ables Trucking, and that the policy was in effect at the time of the accident. Doc. 74, ¶ 33; *see* doc. 103, att. 2. It maintains, however, that the policy's express exclusion for punitive

---

[2] Plaintiff's father, Chris Moreaux, originally joined the suit as a plaintiff based on his emotional distress at witnessing the crash scene. *See* docs. 1, 16. He later voluntarily dismissed these claims. Doc. 44.

damages means that all claims for such damages against JRIC are barred as a matter of law. Accordingly, it seeks summary judgment on these claims. Doc. 103. No party has responded to the motion and their time for doing so has passed, meaning that the motion is regarded as unopposed.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
### LAW & APPLICATION

Under Louisiana law, an insurance policy is a contract and should be interpreted using the general rules set forth in the Louisiana Civil Code. *Williams v. Employers Mut. Cas. Co.*, 2014 WL 2197067, at *2 (M.D. La. May 27, 2014). The court's role, therefore, is to determine the parties' common intent. In this determination words and phrases must be construed "using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning." *Starr Surplus Lines Ins. Co. v. Banner Prop. Mgmt. Co.*, 2018 WL 6448840, at *5 (E.D. La. Dec. 10, 2018) (citing La. Civ. Code art. 2047). Where the terms of the policy are clear and do not lead to absurd consequences, no further interpretation is required. La. Civ. Code art. 2046. An ambiguous term, however, is generally construed against the insurer and in favor of coverage. *Cadwallader v. Allstate Ins. Co.*, 848 So.2d 577, 580 (La. 2003).

Under the terms of JRIC's policy, JRIC agrees to pay

those sums in excess of the scheduled "underlying insurance" that [Tim Ables Trucking becomes] legally obligated to pay as damages because of injury or property damage to which this insurance applies, provided that the damages would be covered by the scheduled "underlying insurance(s)" or would apply but for the exhaustion of the applicable Limits of Insurance.

Doc. 103, att. 2, p. 6. Under a section entitled "Exclusion – Punitive Damages," however, the policy also excludes coverage for "[c]ivil or criminal fines, sanctions or penalties, whether imposed pursuant to statute or otherwise," as well as "[p]unitive or exemplary damages and the multiplied portion of multiplied damages." *Id.* at 22.

Here there is no ambiguity as to the exclusion and its impact on coverage. "Absent a conflict with statutory provisions or public policy, insurers . . . are entitled to limit their liability and to impose and to enforce reasonable conditions upon the policy obligations they contractually assume." *La. Ins. Guar. Ass'n v. Interstate Fire and Cas. Co.*, 630 So.2d 759, 763 (La. 1994). Louisiana courts have routinely upheld punitive damages exclusions as valid and enforceable. *See, e.g.*, *Pike v. Nat'l Union Fire Ins. Co.*, 796 So.2d 696 (La. Ct. App. 1st Cir. 2001); *McDaniel v. DeJean*, 556 So.2d 1336 (La. Ct. App. 3d Cir. 1990); *Yonter v. State Farm Mut. Auto Ins. Co.*, 802 So.3d 950 (La. Ct. App. 5th Cir. 2001). The court finds no basis to depart in this matter, and agrees that punitive damages are not recoverable under JRIC's policy.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 103] will be **GRANTED** and all claims for exemplary and/or punitive damages brought against defendant James River Insurance Company will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on this 17th day of February, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**