**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **ASHLEY MOREAUX** | **CASE NO. 2:18-CV-01255** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CLEAR BLUE INSURANCE CO. ET AL.** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING**

Before the court is a Motion for Partial Summary Judgment [doc. 102] filed by defendants Hallmark Insurance Company ("Hallmark") and James River Insurance Company ("JRIC") and seeking dismissal of the claims for punitive damages raised against them. Plaintiff Ashley Moreaux opposes the motion. Doc. 110. Oral argument was had on the motion on March 4, 2021, and the undersigned now issues this ruling.

**I.**
**BACKGROUND**

This suit arises from a motor vehicle accident that occurred at about 4:05 am on March 1, 2018, on Interstate 10 in Calcasieu Parish, Louisiana. The accident involved a vehicle driven by plaintiff Ashley Moreaux and a tractor-trailer allegedly "owned, managed, possessed, operated and/or controlled" by defendants Tim Ables Trucking Company LLC ("Tim Ables Trucking"), Shannon Wayne Watson, and Kevin Posey.[1] Doc. 16, ¶¶ 8–9.

---

[1] Mr. Posey is only specifically named under the negligent entrustment claim and appears to pay some sort of supervisory role at the company.

Ms. Moreaux alleges that she was seriously injured when her vehicle was struck by the tractor-trailer driven by Mr. Watson, as he attempted to merge from the shoulder onto the interstate. *Id.* at ¶¶ 10–16. She further alleges that Mr. Watson only stopped for a brief time after the crash, then continued down the interstate for another forty miles before eventually reporting the accident. *Id.* at ¶¶ 17–25. Finally, she asserts that the tractor-trailer had an inoperable turn signal and that a prescription bottle containing a Schedule V drug, Soma (carisoprodol), was found in the cab but that authorities were unable to test Watson for his level of impairment at the crash due to the delay caused when he fled the scene. *Id.* at ¶¶ 26–27.

Ms. Moreaux filed suit against the above-named defendants and their insurer, Clear Blue Insurance Company, in this court on September 24, 2018.[2] Doc. 1. She seeks compensatory damages as well as punitive and exemplary damages under Louisiana Civil Code article 2315.4. Doc. 16. In the Second Amended and Restated Complaint she added excess insurers JRIC and Hallmark as defendants. Doc. 57. Since that time Ms. Moreaux has also executed a *Gasquet* settlement and dismissed her claims against any named defendant, except to the extent that insurance coverage is found applicable to the claims proven at trial. Docs. 88, 90.

JRIC and Hallmark admit that they issued excess liability insurance policies to Tim Ables Trucking, which were in effect at the time of the accident. Doc. 63, ¶ 32; doc. 74, ¶ 33. They now move for partial summary judgment, arguing that Ms. Moreaux's claims for

---

[2] Plaintiff's father, Chris Moreaux, originally joined the suit as a plaintiff based on his emotional distress at witnessing the crash scene. *See* docs. 1, 16. He later voluntarily dismissed these claims. Doc. 44.

punitive damages are barred by results of a toxicology study conducted on Mr. Watson after the accident and by the absence of any other direct evidence of intoxication. Doc. 102, att. 2. By separate, unopposed summary judgment motion brought by JRIC, this court determined that claims for exemplary and/or punitive damages against that defendant are barred under an exclusion in its policy. Hallmark, however, has not pointed to any such exclusion in its own policy. Accordingly, the court considers its arguments as to lack of merit in the punitive damages claims.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Under Louisiana law, punitive or exemplary damages are available only where expressly authorized by statute. *Int'l Harvester Credit Corp. v. I.T. Seale*, 518 So.2d 1039, 1041 (La. 1988). Here the plaintiff brings her claim for punitive damages under Civil Code article 2315.4, which provides:

> In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.

La. Civ. Code art. 2315.4.

Defendants argue that the claim for punitive damages should be dismissed, because plaintiff cannot establish that Watson was intoxicated at the time of the accident.[3] Specifically, they note that the state trooper who interviewed Watson after he stopped

---

[3] Defendants also summarily assert that plaintiff cannot establish that any such impairment was a cause in fact of the accident, but they have not briefed this issue. *See* doc. 102, att. 2, p. 11. Accordingly, the court considers it waived.

-4-

recalled that Mr. Watson appeared to be "fine" and that a blood sample taken shortly thereafter showed that (1) there was no carisoprodol (Soma) in Watson's system, (2) there were no other positive drug or alcohol levels, and (3) the only substance detected was Meprobamate, a metabolite of carisoprodol. Doc. 102, att. 3, pp. 7, 9–10; doc. 102, att. 5, pp. 1–2. Mr. Watson also testified that he had not used carisoprodol since about five to seven days before the accident. Doc. 102, att. 4, pp. 9–10. Based on these findings, defendants' expert toxicologist concluded that the meprobamate levels in Mr. Watson's blood would have had little to no effect and that it was more likely than not that Mr. Watson was unimpaired by meprobamate, carisoprodol, or alcohol at the time of the accident. Doc. 102, att. 5, pp. 1–2.

In response, plaintiff argues that there is sufficient evidence of possible impairment to withstand summary judgment. Specifically, she points to the fact that Mr. Watson did not contact the police until an hour and forty-four minutes after the crash, despite driving on after admittedly feeling the impact of the crash (which he attributed to a pothole or bump in the road) and stopping a total of three times over the next hour.[4] *See* doc. 110, att. 2, pp. 5–24. As a result, Mr. Watson was arrested for hit and run. Doc. 110, att. 5, p. 2. Both a state trooper who investigated the crash and plaintiff's trucking expert testified that Mr. Watson should have realized immediately that he had been hit from behind, based on the direction and force of impact with Ms. Moreaux's vehicle traveling at over 70 miles per hour and Mr. Watson's at 12 miles per hour. Doc. 110, att. 3, pp. 15–6; doc. 110, att. 6, pp.

---

[4] The third stop was at the truck stop in Egan, Louisiana, from which Watson eventually called police.

2–3. The trucking expert opined that Mr. Watson's apparent lack of awareness called into question his astuteness and vigilance. Doc. 110, att. 6, p. 3.

Because of the delay, a contemporaneous field sobriety test could not be conducted and Mr. Watson's blood and urine samples were not collected until over four hours after the crash. *Id.* at 5. A state trooper testified that, at the accepted metabolization rate of .0 to .015 percent per hour, it would take over four hours for a blood alcohol level at an impairment level of .08 percent to drop down to zero. *Id.* However, plaintiff maintains that based on Mr. Watson's irrational behavior at the time of the accident (including his failure to contact police and alleged failure to notice he had been in an accident), his admitted use of Soma, and his avoidance of a field sobriety test or blood or alcohol test until well after the event, there is sufficient circumstantial evidence to create a factual issue as to his impairment at the time of the crash. She further argues that she is entitled to an adverse presumption against Mr. Watson for spoliation of evidence.

The court regards the spoliation claim as an evidentiary issue better suited to a motion in limine. As for the other evidence presented, Louisiana jurisprudence allows that a driver's intoxication may be proven by circumstances even in the absence of a positive toxicology report. *Lyons v. Progressive Ins. Co.*, 881 So.2d 124, 127 (La. Ct. App. 4th Cir. 2004). A plaintiff's circumstantial evidence, however, must be sufficient to "exclude every other hypothesis with a reasonable amount of certainty." *Stephenson v. Bryce W. Hotard Sunbelt Rentals, Inc.*, 271 So.3d 190, 192 (La. 2019). At the defendant's motion for summary judgment, this means that the plaintiff must present factual support sufficient to establish that he can satisfy this burden at trial. *Id.* at 192–93; *see also Dickerson v. Hapl*,

2020 WL 5993148, at *2 (E.D. La. Oct. 9, 2020). Accordingly, the Louisiana Supreme Court recently reversed a district court's denial of summary judgment against a plaintiff's Article 2315.4 claim when the plaintiff relied on his own testimony that the driver "was nervous, sweaty and had 'droopy' eyes" but admitted that he did not smell of alcohol or have impaired speech. *Stephenson*, 271 So.3d at 192. Likewise, the Eastern District recently granted summary judgment for defendants on such a claim where defendants identified "extensive evidence from a totality of the circumstances – in the form of trained law enforcement officers who spent hours with [the driver] following the accident and who were charged with determining whether she was impaired" to counter plaintiff's circumstantial evidence, which also admitted the possibility that the driver was merely distracted at the time of the accident. *Rivera v. Robinson*, 2020 WL 3403075, at *4 (E.D. La. June 19, 2020).

Here the toxicology report and unrebutted opinion of defendants' expert appear to exclude the possibility of intoxication with alcohol or Soma at the time of the accident. Defendant's expert, however, did not discuss the half-life of any other drugs in the context of the delay.[5] Plaintiff's evidence is sufficient to support the possibility of intoxication by other substances – particularly in light of the unresolved spoliation issue. Plaintiff's witnesses have called into question Mr. Watson's reasons for fleeing the scene of a severe wreck, including his excuse that he thought he had merely hit a bump or pothole. This is more evidence than the plaintiff presented in *Stephenson*, supra. And unlike *Rivera*, the

---

[5] The court also notes that plaintiff's counsel has not yet had the opportunity to depose defendants' toxicologist and explore the degree of impairment that might arise from Mr. Watson's meprobamate levels.

defendants have failed to identify sufficient countervailing evidence in light of the suspicious circumstances identified by plaintiff – which are considerably stronger in the instant case. Viewed in a light most favorable to plaintiff, the circumstantial evidence presented thus far could meet her burden of establishing Mr. Watson's intoxication with some substance at the time of the accident. Accordingly, summary judgment must be denied.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 102] will be **DENIED** as to defendant Hallmark Insurance Company and **DENIED AS MOOT** as to defendant James River Insurance Company.

**THUS DONE AND SIGNED** in Chambers on this 5th day of March, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**