UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ASHLEY MOREAUX**            **CASE NO. 2:18-CV-01255**

**VERSUS**            **JUDGE JAMES D. CAIN, JR.**

**CLEAR BLUE INSURANCE CO. ET AL.**            **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 104] filed by defendants Hallmark Insurance Company ("Hallmark") and James River Insurance Company ("JRIC") and seeking dismissal of the individual negligence claims raised against Tim Ables Trucking Company. Plaintiff Ashley Moreaux opposes the motion. Doc. 111. Oral argument was had on the motion on March 4, 2021, and the undersigned now issues this ruling.

### I.
### BACKGROUND

This suit arises from a motor vehicle accident that occurred at about 4:05 am on March 1, 2018, on Interstate 10 in Calcasieu Parish, Louisiana. The accident involved a vehicle driven by plaintiff Ashley Moreaux and a tractor-trailer allegedly "owned, managed, possessed, operated and/or controlled" by defendants Tim Ables Trucking

Company LLC ("Tim Ables Trucking"), Shannon Wayne Watson, and Kevin Posey.[1] Doc. 16, ¶¶ 8–9.

Ms. Moreaux alleges that she was seriously injured when her vehicle was struck by the tractor-trailer driven by Mr. Watson, as he attempted to merge from the shoulder onto the interstate. *Id.* at ¶¶ 10–16. She further alleges that Mr. Watson only stopped for a brief time after the crash, then continued down the interstate for another forty miles before eventually reporting the accident. *Id.* at ¶¶ 17–25. Finally, she asserts that the tractor-trailer had an inoperable turn signal and that a prescription bottle containing a Schedule V drug, Soma (carisoprodol), was found in the cab but that authorities were unable to test Watson for his level of impairment at the crash due to the delay caused when he fled the scene. *Id.* at ¶¶ 26–27.

Ms. Moreaux filed suit against the above-named defendants and their insurer, Clear Blue Insurance Company, in this court on September 24, 2018.[2] Doc. 1. She seeks compensatory damages as well as punitive and exemplary damages under Louisiana Civil Code article 2315.4. Doc. 16. In the Second Amended and Restated Complaint she added excess insurers JRIC and Hallmark as defendants. Doc. 57. Since that time Ms. Moreaux has also executed a *Gasquet* settlement and dismissed her claims against any named defendant, except to the extent that insurance coverage is found applicable to the claims proven at trial. Docs. 88, 90.

---

[1] Mr. Posey is only specifically named under the negligent entrustment claim and appears to pay some sort of supervisory role at the company.
[2] Plaintiff's father, Chris Moreaux, originally joined the suit as a plaintiff based on his emotional distress at witnessing the crash scene. *See* docs. 1, 16. He later voluntarily dismissed these claims. Doc. 44.

JRIC and Hallmark admit that they issued excess liability insurance policies to Tim Ables Trucking, which were in effect at the time of the accident. Doc. 63, ¶ 32; doc. 74, ¶ 33. They now move for partial summary judgment on the independent claims of negligence raised against Tim Ables Trucking, in light of the company's stipulation that it is vicariously liable for the negligence of its employee in this matter. Doc. 104.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S.

133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

This motion centers around an issue unaddressed by the Louisiana Supreme Court, where the undersigned has declined to follow the *Erie* guess made by other federal district courts. *See Roe v. Safety Nat'l Cas. Corp.*, 2020 WL 3477071 (W.D. La. Jun. 25, 2020). The Louisiana Supreme Court has still made no pronouncement on the issue of whether an employer's stipulation to vicarious liability merges his potential negligence with that of his employee's. Other state supreme courts addressing similar tort statutes have recently endorsed the position taken by the undersigned. *See Quynn v. Hulsey*, 850 S.E.2d 725 (Ga. 2020); *Fox v. Mize*, 428 P.3d 314 (Okla. 2018). A ruling of the undersigned's on this issue is currently on appeal to the Fifth Circuit in *Fox v. Nu Line Transport LLC*, No. 20-30716, and this court will of course follow whatever guidance is offered on the subject. Until that time or a ruling from the Louisiana Supreme Court, however, the undersigned finds no reason to alter his prior decisions.

In the alternative, defendants maintain that they are entitled to summary judgment due to plaintiff's inability to show a genuine issue of material fact as to Tim Ables Trucking's hiring, training, supervision, or entrustment of Mr. Watson. To this end they

submit evidence from the company's 30(b)(6) deposition on its hiring procedures and training requirements, as well as deposition testimony from Mr. Watson on his completion of this training and representations to the company. Doc. 104, atts. 4 & 5. In return, however, plaintiff points to the following factors (among others):

- The company's failure to obtain a complete driving record for Mr. Watson, resulting in a failure to uncover a DWI which would have served as a bar to his hiring, as well as several other prior infractions. *See* doc. 111, att. 2, p. 3; doc. 111, att. 4, pp. 3–5.
- Lack of checkmarks for completion on certain training certifications. Doc. 111, att. 6, pp. 9–10.
- Failure to ensure Mr. Watson's knowledge of and compliance with state highway regulations, as set forth in its policy statement, including a Louisiana regulation forbidding stopping on the shoulder of the interstate except in an emergency. *See* doc. 111, att. 6, pp. 12, 13. The accident occurred when Mr. Watson was merging back onto the interstate after pulling onto the shoulder to relieve himself. *Id.* at 13.

The court is sufficiently persuaded by this evidence that an issue of material fact exists with respect to Mr. Watson's training, especially as it relates to his apparent unfamiliarity with prohibitions against using the shoulder of the highway for non-emergent purposes – the circumstances under which this accident occurred. The court makes no commitment at this stage, however, as to whether plaintiff has introduced sufficient evidence to preserve this claim against a motion in limine and will instead await further

development of the record should defendants wish to challenge the claim by other pretrial motion.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 104] is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 5th day of March, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**